OPINION
Defendant, Gerald W. Morgan, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of two counts of robbery in violation of R.C. 2911.02.
Pursuant to an indictment filed November 5, 1998, defendant was charged with one count of robbery in violation of R.C. 2911.02(A)(2) and one count of robbery in violation of R.C.2911.02(A)(3). Following a jury trial, defendant was convicted of both counts and was sentenced to five years' incarceration, with count two merging into count one. Defendant now appeals, advancing two assignments of error:
 [1.] Appellant was denied a fair trial and due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution in that the evidence is insufficient to support the conviction, and the judgment of the trial court is against the manifest weight of the evidence.
 [2.] The defendant was denied his right to the effective assistance of counsel guaranteed under Article I, Section 10 and 16 of the Ohio Constitution and the Sixth
and Fourteenth Amendments to the United States Constitution.
According to the state's evidence, at approximately 2 p.m. on September 9, 1998, Amy Walker and Jason Grant, loss prevention employees of the J.C. Penney retail store in Eastland Mall, observed defendant walking around the second floor of the store, picking up merchandise and placing it under his arm. Walker followed defendant down the escalator to the first floor, through the women's department, and toward the exit. After defendant walked through the first of two exit doors into the "breezeway" area, Walker approached defendant, identified herself as a J.C. Penney loss prevention employee, and put her hand on defendant's shoulder. Defendant turned around and struck Walker in the side of the head with his fist. As Walker attempted to restrain defendant, he pushed her out the second exit door onto the concrete. He then stood over her as she lay on the ground and continued to strike her in the head. Grant ran over and grabbed defendant from behind. Defendant struck Grant in the jaw and told him that he would kill Walker if Grant did not let him go. When Grant tried to pull defendant off of Walker, defendant bit Grant on the arm.
The struggle with defendant lasted for three or four minutes. Eventually, Grant and Walker were able to handcuff defendant and take him to the office. Because defendant refused to cooperate with loss prevention personnel, officers from the Columbus Police Department were called to the scene. Defendant was subsequently transported to police headquarters, where he was questioned.
Columbus Police Detective Gary Hall testified that he informed defendant of his constitutional rights pursuant toMiranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602, prior to questioning him and that defendant signed a constitutional rights waiver form. (Exhibit 4.) Hall further testified that as part of the process of reading defendant his Miranda rights, he attempted to ascertain defendant's mental status by asking him whether he had consumed any drugs or alcohol in the past twenty-four hours. According to Hall, defendant stated that he had smoked crack at approximately 2:10 p.m. that day. Hall noted defendant's response on the rights waiver form. Hall further testified that after signing the waiver form, defendant admitted that he had taken clothing items from the J.C. Penney store and exited the store without paying for them; that he was thereafter approached by Walker, who grabbed him; that he struck Walker in the face because he did not know her; that he bit Grant on the arm because Grant was choking him; and that he did not know that Walker and Grant were J.C. Penney employees.
By his first assignment of error, defendant asserts that his conviction for robbery under R.C. 2911.02(A)(3) is not supported by sufficient evidence or by the manifest weight of the evidence. Defendant also contends that the jury instruction on the definition of force necessary for a robbery conviction was insufficient.
"Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the jury verdict. * * *" State v. Smith (1997), 80 Ohio St.3d 89,113, following State v. Thompkins (1997), 78 Ohio St.3d 380,386. "When reviewing a claim of insufficient evidence, the relevant inquiry is whether any rational factfinder, after viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Clemons (1998), 82 Ohio St.3d 438,444, following State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact." Clemons, supra.
By contrast, in order for an appellate court to reverse the judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Thompkins, supra, at 387. Whether a criminal conviction is against the manifest weight of the evidence "requires an examination of the entire record and a determination of whether the evidence produced attains the high degree of probative force and certainty required of a criminal conviction." State v. Getsy (1998), 84 Ohio St.3d 180, 193 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.") Thompkins, supra, at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
Robbery is defined in R.C. 2911.02, as follows:
 (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
* * *
 (3) Use or threaten the immediate use of force against another.
Pursuant to R.C. 2901.01(A), force is defined as "any violence, compulsion, or constraint physically exerted by any means or against a person or thing." Furthermore, "the type of force envisioned by the legislature in enacting R.C. 2911.02 is that which poses actual or potential harm to a person." State v.Wilson (Sept. 30, 1996), Franklin App. No. 96APA04-431, unreported (1996 Opinions 3932), quoting State v. Carter (1985), 29 Ohio App.3d 148,149, citing Committee Comment.
Walker and Grant testified to observing defendant place merchandise under his arm and walk out of the store without paying for it. Walker testified that as defendant walked out of the store, she approached him from behind, identified herself as a J.C. Penney loss prevention employee, and put her hand on his shoulder. In response, defendant struck Walker in the side of the head with his fist. As Walker attempted to restrain defendant, he pushed her onto the concrete and continued to strike her in the head with his fists. Grant testified that when he tried to subdue defendant, defendant struck him in the jaw and bit him on the arm.
Defendant argues that he could be convicted only of theft, rather than robbery, because the force he exerted against Walker and Grant was not exercised concomitant with the theft of the merchandise. We disagree. Initially, we note that R.C.2911.02(A)(3) proscribes the use of force in either the commissionor in fleeing immediately after the commission of a theft offense. In addition, this court has determined that a defendant's use of force in fleeing immediately after and/or in resisting apprehension for an attempted theft constitutes the immediate use of force. See, e.g., State v. Jones (June 11, 1998), Franklin App. No. 97APA08-1105, unreported (1998 Opinions 2082), andWilson, supra, (defendant's act of striking store employee in jaw in fleeing after an attempted theft constitutes immediate use of force). See, also, State v. Zoya (Dec. 16, 1993), Cuyahoga App. No. 64322, unreported (defendant's act of swinging arms and striking store manager in chest in resisting apprehension for attempted theft constitutes immediate use of force); State v.Calhoun (Nov. 14, 1991), Cuyahoga App. No. 59370, unreported (sufficient evidence to support robbery conviction where defendant pushed store security manager in attempt to flee); State v.Pittman (Jan. 19, 1989), Cuyahoga App. No. 54949, unreported (sufficient evidence to support robbery conviction where defendant attempted to resist apprehension by store employees by struggling, pushing and thrashing his legs).
"On a trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of facts." State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The jury had the opportunity to hear the testimony of the witnesses and to determine their credibility. Upon review of the record, we find that the state presented competent, credible evidence to allow a reasonable trier of fact to conclude that defendant used or threatened the immediate use of force in fleeing immediately after and/or in resisting apprehension after committing a theft offense. Thus, defendant's conviction for robbery is supported by the sufficiency and weight of the evidence.
Defendant next contends that the trial court erred in instructing the jury on the issue of force as an element of the offense of robbery. Specifically, defendant maintains that the trial court should have included language from the Committee Comment to R.C. 2911.02, advising the jury that the element of force separating robbery from theft requires actual or potential harm to the person.
The giving of jury instructions is within the sound discretion of the trial court and will not be disturbed on appeal unless the record affirmatively demonstrates an abuse of discretion. State v. Martens (1993), 90 Ohio App.3d 338, 343. An abuse of discretion connotes more than an error of law or judgment; it implies an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. State v. Adams
(1980), 62 Ohio St.2d 151, 157.
Moreover, jury instructions must be read in context:
 In determining the question of prejudicial error in instructions to the jury, the charge must be taken as a whole, and the portion that is claimed to be erroneous or incomplete must be considered in its relation to, and as it affects and is affected by the other parts of the charge. If from the entire charge it appears that a correct statement of the law was given in such a manner that the jury could not have been misled, no prejudicial error results. * * * [State v. Hardy (1971), 28 Ohio St.2d 89, 92.]
Defendant did not object to the trial court's instructions to the jury, nor did he request the instruction he now proposes. Accordingly, any errors that may have occurred with respect to the jury instructions are waived absent the existence of plain error. Crim.R. 52(B) provides that "plain errors or defects affecting substantial rights may be noticed although they are not brought to the attention of the court." In construing this rule, the Supreme Court of Ohio held that "[n]otice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. Plain error is not found unless it can be said that but for the error, the outcome of the trial clearly would have been otherwise. State v. Joseph (1995),73 Ohio St.3d 450, 455.
As noted previously, R.C. 2901.01(A)(1) defines "force" as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." The record in this case indicates that the court gave the jury the statutory definition of force pursuant to R.C. 2901.01. Amplification of statutory definitions is inadvisable, is likely to produce error, and should be done only with extreme care so as not to prejudice either party to a criminal case. Wilson, supra, quoting State v.Mahoney (1986), 34 Ohio App.3d 114, 119; State v. Wynn (June 11, 1998), Franklin App. No. 97APA09-1203, unreported (1998 Opinions 2142); State v. Petty (Nov. 6, 1995), Clermont App. No. CA95-05-028, unreported. Furthermore, an additional instruction utilizing language from the Committee Comment to R.C. 2911.02 is unnecessary. Wynn, supra; Petty, supra. Thus, the trial court did not err in instructing the jury on the element of force. Accordingly, the first assignment of error is not well-taken.
By the second assignment of error, defendant contends that trial counsel was ineffective, depriving defendant of his rights under the Sixth and Fourteenth Amendments to the United States Constitution, and Sections 10 and 16, Article I, of the Ohio Constitution.
In Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, the United States Supreme Court set forth a two-pronged standard for determining whether counsel's assistance was ineffective:
 * * * First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial * * *. [Id. at 687; 2064.]
A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound trial strategy. Id. at 689; 2065. A court reviewing a claim of ineffective assistance of counsel must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id.
at 690; 2066. In order to demonstrate prejudice, the defendant must prove that a reasonable probability exists that, absent counsel's error, the result of the trial would have been different. Id. at 696; 2069.
Defendant submits that trial counsel was ineffective in two respects: (1) in failing to request a jury instruction on the affirmative defense of intoxication and its relevance with respect to defendant's ability to form the requisite intent to commit a robbery; and (2) in failing to object to the introduction of irrelevant and prejudicial evidence, i.e., the constitutional rights waiver form.
Although a criminal defendant's voluntary intoxication is not an excuse for the commission of a crime, where specific intent is a necessary element of the crime charged, the fact of intoxication may be offered to negate the element of intent if the intoxication is so extreme as to preclude the actor's ability to form an intent. State v. Fox (1981), 68 Ohio St.2d 53, 55. The defendant must present sufficient evidence to demonstrate that he was intoxicated to the extent of being incapable of forming the requisite criminal intent. State v. Wyche (Feb. 21, 1989), Franklin App. No. 87AP-878, unreported (1989 Opinions 388). Alternatively, a defendant may demonstrate that he was so incapacitated by the intoxication that he lacked the ability to distinguish right from wrong. Id. Evidence is sufficient to raise the issue where, if believed, it would support an acquittal.Fox, supra.
In the instant case, Walker testified that it was obvious to her during the struggle with defendant that he was "geeked up" or "high" on something because he "seemed very, very erratic," (Tr. 40), his pupils were dilated, and he would not stop fighting, even after he had been handcuffed and taken to the office. Grant testified that during his struggle with defendant, he noticed the odor of alcohol on defendant's breath. Detective Hall testified that during the interview, defendant's eyes were "hazed over" and "dilated somewhat" and that defendant told him that he had smoked crack prior to committing the robbery. (Tr. 89.)
Although the foregoing testimony may demonstrate that defendant may have been intoxicated to some extent when he committed the robbery, this evidence is insufficient to allow the jury to have reasonably found that defendant was intoxicated to the extent of being incapable of forming the requisite criminal intent, or that he lacked the ability to distinguish right from wrong. Although Grant testified that he detected the odor of alcohol on defendant's breath, no evidence was introduced to establish how much, if any, alcohol defendant consumed. Further, although Detective Hall testified that defendant admitted to smoking crack prior to committing the robbery, no evidence was adduced as to how much crack defendant consumed. In addition, no expert testimony was introduced to establish the effect of smoking crack cocaine upon one's mental state.
Furthermore, the evidence established that defendant was functioning well enough to navigate around the second floor of the store, select merchandise and place it under his arm, ride the escalator down to the first floor and walk toward the exit. Neither Walker nor Grant testified that defendant had any difficulty walking or riding the escalator. In addition, Detective Hall testified that defendant admitted that he had taken the merchandise without paying for it and struck Walker only because he was unaware that she was a J.C. Penney employee. Having admitted a purposeful act, defendant was not entitled to have the jury consider his inability to act purposefully.
In our view, given the foregoing evidence, even if counsel for defendant had requested an instruction on intoxication, the trial court would not have committed error in refusing to give such an instruction. Since there was insufficient evidence to raise the defense of intoxication, it would have been frivolous for defense counsel to request an instruction on that issue. Therefore, failure to do so did not render the representation of defendant ineffective.
We now turn to the second issue raised under this assignment of error, that counsel was ineffective in failing to object to the introduction of the rights waiver form. Defendant contends that the probative value of this evidence was substantially outweighed by its prejudicial effect in unfairly portraying defendant as a "crack smoking felon."
The failure to offer an objection, alone, is not enough to sustain a claim of ineffective assistance of counsel, as that failure may be justified as a tactical decision. State v. Gumm
(1995), 73 Ohio St.3d 413, 428. Further, although it is questionable whether this evidence is more probative than prejudicial, defendant has not demonstrated that the exclusion of this evidence would have affected the outcome of the trial. Consequently, we do not find that trial counsel's failure to object to this evidence amounted to ineffective assistance of counsel. Accordingly, the second assignment of error is not well-taken.
For the foregoing reasons, both of defendant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and BOWMAN, JJ., concur.