THE STATE OF OHIO, APPELLANT, *v.* FOX, APPELLEE.
THE STATE OF OHIO, APPELLANT, *v.* CUSTER, APPELLEE.
THE STATE OF OHIO, APPELLANT, *v.* FREEMAN, APPELLEE.

(No. 80-1684—Decided November 18, 1981.)

*Mr. Lee E. Fry,* prosecuting attorney, and *Mr. Richard M. Howell,* for appellant.

*Mr. Carl A. Cramer,* for appellees.

CLIFFORD F. BROWN, J.   The common law and statutory

rule in American jurisprudence is that voluntary intoxication is not a defense to any crime. *Long* v. *State* (1923), 109 Ohio St. 77, 86. An exception to the general rule has developed, where specific intent is a necessary element, that if the intoxication was such as to preclude the formation of such intent, the fact of intoxication may be shown to negative this element. See 8 A.L.R. 3d 1236, Modern Status of the Rules as to Voluntary Intoxication as Defense to Criminal Charge. In such a case, intoxication, although voluntary, may be considered in determining whether an act was done intentionally or with deliberation or premeditation. *State* v. *French* (1961), 171 Ohio St. 501, 502, certiorari denied 366 U. S. 973.

R. C. 2923.02, which in conjunction with R. C. 2903.02 defines the offense of attempt to commit murder,[2] prohibits any person from purposely engaging in conduct which, if successful, would constitute the offense of murder. Thus, the instant offense is a specific intent crime, for which evidence of voluntary intoxication may be taken in order to show defendant was thereby precluded from forming the necessary "purpose" to commit murder. The trial court correctly permitted introduction of evidence of defendants' intoxication on the evening of August 17, 1979.

Given the admissibility of evidence of intoxication, the issue is whether the trial court erred by refusing to go further and charge the jury on the possibility intoxication negated formation of the specific intent to attempt murder.

This court first addressed this precise issue in *Nichols* v. *State* (1858), 8 Ohio St. 435. In that case Caleb Nichols was

[2] R. C. 2903.02, provides as follows:

"(A) No person shall purposely cause the death of another.

"(B) Whoever violates this section is guilty of murder, and shall be punished as provided in section 2929.02 of the Revised Code."

R. C. 2923.02 reads, in part, as follows:

"(A) No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct which, if successful, would constitute or result in the offense."

Relevant to the application of these two statutes is R. C. 2901.22, which in part provides:

"(A) A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."

tried by jury for attempted murder.[3] On appeal, Nichols claimed, among other errors, the failure of the trial court to instruct that drunkenness should be considered by the jury in determining the existence of the malicious intent charged. After "somewhat anxious deliberation," we concluded that "a proper regard to the public safety in the practical administration of criminal justice" mandated introduction of the evidence of intoxication, "to show that the accused did not at the time intend to do the act which he did do." *Nichols, supra,* at 439. But we refused to require a jury instruction to be given on the question, stating as follows:

"***[W]hen we admit evidence of intoxication to rebut***a charge of deliberation and premeditation,***we think we have gone far enough; and that, looking to the practical administration of the criminal law, a due regard to the public safety requires that the mere question of malice should be determined by the circumstances of the case, aside from the fact of intoxication, as in other cases." *Id.*

This court's denial of a right to a jury charge in *Nichols* was based on a deep seated distrust of the reliability of such evidence:

"Intoxication is easily simulated. It is often voluntarily induced for the sole purpose of nerving a wicked heart to the firmness requisite for the commission of a crime soberly premeditated, or as an excuse for such crime." *Id.* Rather than impose a strict rule of criminal procedure, we left the trial judge with discretion to handle the evidence and submit it to the jurors in the appropriate manner.

Subsequent cases decided by this court have recognized the appropriateness of a special jury charge on the effect of intoxication on formation of intent when that issue is properly raised by the evidence.[4] But this court has never found it necessary to promulgate a rule to regulate judges in this matter. Nor is this court well suited to make such a rule. This matter is best left to the discretion of the experienced trial judge.

---

[3] The indictment contained two counts: the first, for maliciously stabbing, with intent to kill, one Zachariah Riley; and the other, for maliciously stabbing, with intent to wound, the said Riley. *Nichols, supra,* at 436.

[4] *Long* v. *State* (1923), 109 Ohio St. 77; *State* v. *Vargo* (1927), 116 Ohio St. 495; *State* v. *French* (1961), 171 Ohio St. 501.

The evidence in the case *sub judice* that the defendants were intoxicated was coupled with extensive evidence arguably incompatible with such a condition. Defendants testified in detail to the events leading up to the shooting at chief Rich's home. Nor did any defendant testify that at the time of the offense any of them were influenced by alcohol in their actions, although they did testify to consuming more than two six-packs of beer among themselves. But taking the evidence as a whole, we cannot say it was error for the trial judge to refuse to instruct on intoxication. The trial judge had a better opportunity to observe the demeanor and physical characteristics of the defendants, and was inherently better qualified than an appellate court to decide whether sufficient evidence was introduced to charge on the issue here. Out of a concern for the "practical administration of justice," we conclude, with the trial judge here, that not enough evidence was introduced to warrant the requested instruction.

Accordingly, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., W. BROWN, LOCHER and KRUPANSKY, JJ., concur.

SWEENEY and HOLMES, JJ., concur in the judgment.