OPINION
Appellant Demarco Tillman appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, finding him delinquent by reason of robbery and receiving stolen property. On May 25, 1998, Appellant Tillman's seventeenth birthday, he and his cousin Rashon Lacey, also a juvenile, decided to celebrate the occasion by consuming alcoholic beverages and smoking marihuana. They then began riding their bikes around the neighborhood near Clarendon School on the northwest side of Canton. At some point, Rashon decided that they should steal a car. At approximately 10 p.m. that evening, James Brand returned to his residence in the same neighborhood. He parked his 1992 Chevrolet Cavalier for a short period of time just outside his garage, leaving the engine running and the headlights on while he worked on an electrical fan inside the garage. At about that time, appellant and Rashon left their bikes in an alley and moved towards Brand's Cavalier. Rashon jumped into the driver's seat, while appellant went into the garage, struck Brand in the head, and got into the car on the passenger side. Rashon immediately inquired of appellant why he had assailed Brand, to which appellant merely replied that he did not know. The two juveniles then sped off in the Cavalier, heading to the residence of an acquaintance nicknamed "Raybone." At this location, Rashon emptied out the car and put on different license plates. Brand, in the meantime, contacted the Canton City Police Department. An officer in his police cruiser was able to spot the Cavalier that same evening, and a short chase ensued. Appellant and Rashon were apprehended near Fourth Street and Market Avenue and transported to the police station. Appellant was questioned by a police lieutenant and later taken to the hospital, where a breathalyzer test was administered. Appellant was charged with one count of truancy, one count of robbery, one count of receiving stolen property, and one count of possession of marihuana. On June 3, 1998, appellant filed a motion to suppress the statements made during the aforementioned police interrogation. On June 19, 1998, appellant's trial was held before a juvenile court magistrate. Appellant pled true to the truancy count and the marihuana possession count. Immediately thereafter, the magistrate proceeded with a suppression hearing, ruling in favor of the state. The trial proceeded on the robbery and receiving stolen property charges. At the close of the state's evidence, appellant moved to dismiss, asserting that the state had failed to prove beyond a reasonable doubt that appellant had formed the requisite criminal intent in regard to the two charges. The magistrate denied appellant's motion. The magistrate found appellant delinquent by reason of robbery and receiving stolen property. On disposition, the magistrate ordered that appellant be committed to the Department of Youth Services for a period of one year. The magistrate stayed the commitment provision and imposed a ninety-day sentence at the Multi-County Attention Center, followed by probation and substance abuse evaluation procedures. On June 26, 1998, appellant filed an objection to the decision of the magistrate. Appellant essentially argued that the magistrate's rulings regarding the issue of suppression and the issue of criminal intent should be overruled. The trial court judge heard the objection on November 3, 1998. In a decision filed on December 2, 1998, the trial court sustained the motion to suppress, but nonetheless found sufficient testimony outside of appellant's confession to support the magistrate's decision. The trial court adopted the remainder of the magistrate's decision. Appellant timely appealed and herein raises the following sole consolidated assignment of error:
 THE TRIAL COURT'S JUDGMENT FINDING DEMARCO TILLMAN DELINQUENT BY REASON OF ROBBERY AND RECEIVING STOLEN PROPERTY IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
In analyzing whether appellant's delinquency finding is against the manifest weight of the evidence, our standard of review is stated as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Martin (1983), 20 Ohio App.3d 172, 175.
In considering the sufficiency of the evidence, our standard is as follows:
 * * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, 273.
Appellant's arguments center on the role of intoxication in the determination of criminal intent. Voluntary intoxication is a defense to a crime where specific intent is a necessary element of the crime and the defendant was too intoxicated to form the specific intent required. State v. Hicks (1989), 43 Ohio St.3d 72,75, certiorari denied (1990), 494 U.S. 1038. As noted in State v. Fox (1981), 68 Ohio St.2d 53, the Ohio Supreme Court first addressed this issue in Nichols v. State (1858), 8 Ohio St. 435, where the Court had expressed its "deep seated distrust of the reliability of such evidence." Fox at 56, quoting Nichols at 440. "Intoxication is easily simulated. It is often voluntarily induced for the sole purpose of nerving a wicked heart to the firmness requisite for the commission of a crime soberly premeditated, or as an excuse for such crime." (Emphasis added.) Id. In State v. Walkup (Dec. 24, 1997), Morgan App. No. CA 96 06, unreported, we reviewed the voluntary intoxication defense by quoting the language of the Ohio Supreme Court in State v. Otte (1996),74 Ohio St.3d 555, 564: "Only where the Defendant was `so intoxicated as to be mentally unable to intend anything' will his intoxication create a reasonable doubt as to his ability to form the specific intent essential to the charged [crime]." Walkup at 5. Additionally, in Hicks, supra, the Ohio Supreme Court recognized that "[t]he issue of intoxication is not raised as a defense to the element of purpose * * * merely because the evidence suggests reduced inhibitions, impaired judgment or blurred appreciation by the defendant of the consequences of his conduct." Id. at syllabus. Appellant, in support of his position that the evidence demonstrated an inability to form criminal intent, points out Rashon's testimony at trial that they "both * * * smoked like two butts" of marihuana on the evening in question, and that appellant consumed a liter of rose wine and two forty-ounce bottles of malt liquor. Tr. at 85. Appellant's blood alcohol content at the hospital, as of 3:20 a.m., following the events of the previous evening, registered .08. The hospital's emergency room physician further testified that, as a "ballpark figure," the rate of metabolism of alcohol in the human body is .03 per hour. Tr. at 101. Appellant also emphasizes Rashon's testimony that appellant had difficulty keeping his feet on the bike pedals and was laughing inappropriately. Further, according to Rashon, appellant oddly mistook Rashon's verbal suggestion that they steal a car as a directive to remove his coat. Appellant's Brief at 7. We find no merit in appellant's arguments. Although the evidence clearly indicates a state of intoxication, appellant was nonetheless capable of continuing his bike ride and completing the physical acts necessary for his part in getting aboard and absconding with Brand's vehicle. His self-initiated assault on Mr. Brand was not, at least according to Rashon's portrayal of the events, part of the original plan. This would give strong indication to the trier of fact that appellant had the cognitive wherewithal to understand that the vehicle's owner stood as an impediment to getting away with the crime, even in light of Rashon's recollection that appellant did not give him a reason for this unannounced divergence. We cannot say based on the facts before us that appellant was "mentally unable to intend anything." Walkup, supra. Finally, although the issue is not argued at length, appellant also points out that the evidence does not show he assisted in emptying the vehicle or replacing the plates. However, retention of a stolen vehicle can be recognized as joint enterprise, and the exercise of dominion and control is not limited to the one who operates the vehicle. In the Matter of Windle (Dec. 2, 1993), Franklin App. No. 93AP-746, unreported, at 2. Our review of the record does not reveal that the trial court lost its way and created such a manifest miscarriage of justice that the delinquency findings must be reversed. The decision of the trial court was not against the manifest weight of the evidence. We further find no error, under the facts and circumstances of this case, in the trial court's rejection of appellant's voluntary intoxication defense. Although the evidence demonstrated some impairment on the part of the appellant, a reasonable trier of fact could have found the essential elements of robbery and receipt of stolen property proven beyond a reasonable doubt. The evidence presented, even absent appellant's confession, was sufficient as a matter of law to support the decision of the trial court. Appellant's Assignment of Error is overruled.
For the reasons stated in the foregoing, the decision of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed.
By: Wise, P.J. Hoffman, J., and Farmer, J., concur.