DECISION AND JUDGMENT ENTRY
This case began on September 14, 1998, when a grand jury sitting in Lucas County Ohio returned an indictment in the Lucas County Court of Common Pleas charging appellant, Robert Miller, with domestic violence, a violation of R.C. 2919.25(A). Appellant was initially appointed trial counsel on September 22, 1998. On that same date, he entered a plea of not guilty.
On October 7, 1998, the trial court granted appellant's request to continue the trial date. On October 23, 1998, appellant's appointed trial counsel told the court that he and appellant were at an impasse, and asked to be allowed to withdraw from the case. After appellant confirmed, in open court, that he did not want his appointed counsel to remain on his case, the trial court granted the motion to withdraw filed by appellant's appointed counsel. The trial court subsequently granted a request of appellant to appoint as new trial counsel another attorney he named in court.
Trial was rescheduled for October 27, 1998, but was once again continued. The trial court noted that all previous continuances of the trial date were at appellant's request, but as a precaution, it asked appellant to complete a written waiver of his right to a speedy trial. Appellant did sign a waiver of his speedy trial rights until December 1, 1998 and acknowledged in open court that he understood the right he was waiving and that his waiver was knowing, intelligent and voluntary.
On December 1, 1998, appellant filed a written waiver of his right to a jury trial, and responded in open court to questions the trial court asked regarding that waiver. After concluding that appellant's waiver of his right to a jury trial was intelligent, knowing and voluntary, the trial court allowed the case to be tried to the bench.
At the conclusion of the trial, the trial court ruled that appellant was guilty of domestic violence and continued the case for sentencing. On December 10, 1998, the trial court held a sentencing hearing and filed a judgment entry sentencing appellant to eleven months in prison. The trial court told appellant how he could later apply for shock probation, told him of his right to appeal and appointed counsel for the purposes of an appeal, and explained post-sentencing issues under the new sentencing laws.
Counsel appointed to represent appellant on appeal has filed an Anders brief with four potential assignments of error and a motion to withdraw. The four potential assignments of error are:
"FIRST ASSIGNMENT OF ERROR
 WHETHER PURSUANT TO OHIO LAW AND THE UNITED STATES CONSTITUTION, THE DEFENDANT-APPELLANT'S CONVICTION IS SUPPORTED BY SUFFICIENT PROOF OF GUILT AS TO EACH ESSENTIAL ELEMENT OF THE OFFENSE CHARGED.
"SECOND ASSIGNMENT OF ERROR
 WHETHER DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL, IN VIOLATION OF HIS SIXTH AMENDMENT RIGHTS.
"THIRD ASSIGNMENT OF ERROR
 WHETHER DEFENDANT-APPELLANT WAS DENIED A FAIR TRIAL BEFORE A NEUTRAL AND INDEPENDENT TRIBUNAL.
"FOURTH ASSIGNMENT OF ERROR
 WHETHER THE DEFENDANT'S SENTENCE WAS SUPPORTED BY CLEAR AND CONVINCING EVIDENCE."
Appointed counsel has also filed an affidavit stating that she has thoroughly reviewed the record and researched the law and has not been able to identify any arguable issues. She further avers that she has sent a copy of her Anders brief and her motion to withdraw to appellant. Appellant has not filed any additional arguments and has not asked this court to consider any issues that were not raised in the Anders brief.
In regard to the first potential assignment of error, appointed counsel says appellant could argue the state did not present sufficient evidence to prove each element of the crime of domestic violence in his case. She says specifically, he could argue that because he was drunk when the events that led to the charge against him in this case happened, he could not form the necessary intent for the crime.
The Supreme Court of Ohio has said:
 "With respect to sufficiency of the evidence, `sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6 Ed. 1990)1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (19550, 162 Ohio St. 486. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31, 45." State v. Thompkins(1997), 78 Ohio St.3d 380, 386, 387.
Keeping this standard of review in mind, we now consider whether the evidence in this case is sufficient to find beyond a reasonable doubt that appellant is guilty of domestic violence.
The elements of the charge of domestic violence pursuant to R.C. 2919.25(A) are: "(1) the accused knowingly, (2) caused or attempted to cause (3) physical harm (4) to a family or household member." State v. Robinette (1997), 118 Ohio App.3d 450, 456. All Ohio courts agree that voluntary intoxication is not a defense to any crime. State v. Fox (1981), 68 Ohio St.2d 53, 54-55. However, as the Twelfth District Court of Appeals of Ohio has noted: "an exception exists where a specific intent is an essential element of the crime." State v. Fugate (June 1, 1998), Butler App. No. CA97-02-031, unreported.
Some disagreement exists among Ohio appellate courts regarding whether or not "knowingly" is a specific intent standard. Id. at. note 1. However, as the State v. Fugate court noted, even if knowingly is construed as a specific intent standard, the burden rests with the defendant claiming the affirmative defense of involuntary intoxication to prove "that he was `so intoxicated as to be mentally unable to intend anything.'"Id. (quoting State v. Otte (1996), 74 Ohio St.3d 555, 564). We have carefully reviewed the record and find there was no evidence presented at trial to show that appellant was so drunk he could not intend anything.
Appellant's mother testified that she is sixty-five years old, and appellant, her son, is forty-three or forty-four years old. Appellant lives with his mother. On the evening of September 3, 1998 she left to get groceries. When she returned, she saw appellant outside arguing with two other men. She asked him to stop arguing and to go inside, but he would not. She said he "was all drunk."
Appellant's mother left and went to her daughter's home for a while. When she returned to her own home, she saw that appellant had been beaten up. She again tried to take him home. She said: "And he was trying to push me around and bounce me around and hit me a couple of times because he didn't want to go home because he was all drunk." After hitting his mother on her shoulder three times with a closed fist, appellant pushed her to the ground to keep her from going into her apartment. At that time, a sheriff arrived and arrested appellant for domestic violence. Appellant's mother said she did not think appellant knew what he was doing, "because he was drunk."
The deputy sheriff who arrested appellant testified that he saw redness and swelling on appellant's mother when he arrived at the scene. He said appellant's mother told him appellant hit her, pushed her against a wall, knocked her to the ground, and threatened to kill her.
He said he arrested appellant and went to the Toledo Municipal Court to file a complaint. He had to have another officer help him complete the paperwork because he had to go calm down appellant, who was trying to kick the windows out of the sheriff's vehicle. He testified that after he wrote out the complaint and a motion for a temporary protection order, he read it to appellant's mother, and she signed her name.
An attorney who represented appellant on a previous domestic violence charge testified at trial. He confirmed that he represented appellant on the previous charge and that appellant was found guilty on February 2, 1996.
All of the above evidence was sufficient to show that appellant knowingly caused physical harm to his mother. While appellant's mother testified he was drunk, and she did not think he knew what he was doing because he was drunk, that testimony is not enough to show that under the law he was so drunk he could not intend anything. Indeed, the testimony shows that appellant did appear to have specific purpose for his actions, to keep his mother from taking him inside and to stop her from going inside herself. Accordingly, we find the evidence presented in this case was adequate to permit reasonable minds to conclude beyond a reasonable doubt that appellant was guilty of domestic violence. The first potential assignment of error is without merit.
The second potential assignment of error presented concerns whether appellant received ineffective assistance of trial counsel. In the Anders brief, appellant's appointed counsel says: "In the instant case Mr. Miller would present to the court that his counsel did not adequately represent him at trial."
The Supreme Court of Ohio has adopted a two part test for showing ineffective assistance of counsel. The Supreme Court of Ohio ruled:
 "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984], 466 U.S. 668, followed.)" State v. Bradley (1989), 42 Ohio St.3d 136, 137, paragraph two of the syllabus.
After carefully reviewing the record, we find no evidence that either part of the two part test was met in this case. Appellant's trial counsel raised appropriate objections and motions, conducted cross-examinations and ably argued his case to the court. Therefore, the representation provided did not fall below an objective standard of reasonable representation. Furthermore, we find no instance of appellant's case being prejudiced by any action taken by his trial counsel. The second potential assignment of error is without merit.
The third potential assignment of error concerns whether appellant was denied his right to a fair trial before an independent tribunal. Appellant cites to a case where a conviction was reversed because the record showed that the trial judge had prejudged the credibility of a witness before testimony was presented in a bench trial. Cleveland v. Shaffer (1996),112 Ohio App.3d 631, 633-634.
Nothing exists in the record in this case to show that the trial judge was anything other than impartial. Furthermore, this argument was waived for appeal because appellant did not make any allegation of judicial bias in the trial court. See State v.D'Ambrosio (1993), 67 Ohio St.3d 185, 188. There is no merit to the third potential assignment of error.
The fourth and final potential assignment of error concerns whether the sentence imposed upon appellant was supported by clear and convincing evidence. The suggested argument is that the trial court somehow did not follow the sentencing guidelines in Ohio law.
Our review of the record shows that the trial court did consider the overall purposes of felony sentencing (to punish the offender and to protect the public from future crimes) in compliance with R.C. 2929.11(A). Furthermore, the trial court considered the factors listed in R.C. 2929.12 to determine the seriousness of the offense, the likelihood of recidivism, and whether the circumstances in the case made appellant's conduct less serious than the normal conduct of persons committing the crime of domestic violence. The trial court addressed the reason it chose to override the presumption in favor of community control for a person convicted of a fifth degree felony found in R.C.2929.13 and explained, pursuant to R.C. 2929.14, why it imposed a prison term. Finally, the trial court held a sentencing hearing and followed all of the requirements for the hearing found in R.C.2929.19 before it imposed the sentence on appellant. There is no merit in the fourth potential assignment of error.
Our independent review of the record failed to reveal any arguable issues for appeal, and confirmed the representation by appointed counsel that the presented potential assignments of error lacked any merit. Appellant's four proposed assignments of error are not well-taken. Accordingly, counsel's request to withdraw is granted, and this case is found wholly frivolous. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
PETER M. HANDWORK, J., MELVIN L. RESNICK, J., and MARK L. PIETRYKOWSKI, J., concur.