OPINION
This is an appeal from a judgment of conviction and sentence entered upon a jury verdict by the Hancock County Court of Common Pleas finding the defendant-appellant, Michael W. Dailey ("the appellant"), guilty of one count of aggravated burglary, in violation of R.C. 2911.11, and one count of receiving stolen property, in violation of R.C. 2913.51. For the following reasons, we affirm the judgment of the trial court.
The facts and procedural history of the case are as follows. On or about one o'clock in the morning on June 15, 1999, the appellant broke into the attached garage of Lowell and Joyce Rossman. Mrs. Rossman was awakened by the noise, and she proceeded to investigate. Upon opening the door leading from the kitchen into the garage she observed the appellant standing next to the family's pickup truck. Mrs. Rossman briefly exchanged words with the appellant, and then closed and locked the door. Mrs. Rossman notified her husband of the intruder and the couple called the police.
A few minutes later, Deputy Brian Williams of the Hancock County Sheriff's Department arrived at the scene and observed a pickup truck backing out of the Rossman's driveway. Deputy Williams attempted to block the truck's path, but the appellant maneuvered the truck onto the front yard and into the street. Following a brief chase, the appellant pulled the truck to the side of the road and surrendered to the police. The appellant was subsequently placed under arrest.
On June 15, 1999, the appellant was indicted on one count of aggravated burglary pursuit to R.C. 2911.11, and one count of receiving stolen property pursuant to R.C. 2913.51. The appellant pleaded not guilty to both offenses. On August 25, 1999, following a jury trial, the appellant was convicted on both counts. The appellant was sentenced to a term of seven years in prison for the offense of aggravated burglary, and to a term of one year in prison for the offense of receiving stolen property. The sentences were ordered to run concurrently. The appellant now appeals, raising two assignments of error for our review.
ASSIGNMENT OF ERROR NO. I
 The trial court committed reversible error by not permitting a jury instruction on voluntary intoxication.
 In his first assignment of error, the appellant maintains that the trial court erred in failing to instruct the jury on the affirmative defense of voluntary intoxication.
 Specifically, the appellant contends that on the morning of June 15, 1999, he was so intoxicated that he lacked the specific intent to commit the crime of aggravated burglary. For the following reasons, we do not agree.
Initially, we note that the giving of jury instructions is within the sound discretion of the trial court and will not be disturbed on appeal unless the record affirmatively demonstrates an abuse of discretion. State v. Martens (1993), 90 Ohio App.3d 338,343. Thus, when reviewing a trial court's jury instructions, the proper standard of review for an appellate court is whether the trial court's refusal to give a requested jury instruction constituted an abuse of discretion under the facts and circumstances of the case. State v. Wolons (1989), 44 Ohio St.3d 64,68. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157.
In the case herein, on July 28, 1999, the appellant filed a motion with the trial court requesting a jury instruction on the affirmative defense of voluntary intoxication. At the conclusion of the evidence, the trial court overruled the appellant's request on the basis that the evidence introduced at trial did not suggest that the appellant was so intoxicated that he lacked the specific intent to commit the crime of aggravated burglary. For purposes of appeal, the appellant entered his objection into the record.
The common law and statutory rule in American jurisprudence is that voluntary intoxication is not a defense to any crime. Longv. State (1923), 109 Ohio St. 77. An exception to the general rule has developed over time where specific intent is a necessary element of the crime charged. In Ohio, for instance, voluntary intoxication is available as an affirmative defense in rare instances where the accused is charged with a specific intent crime and can demonstrate that he was "so intoxicated as to be mentally unable to intend anything." State v. Otte (1996),74 Ohio St.3d 555, 564; State v. Fox (1981), 68 Ohio St.2d 53, 55. In essence, the defendant must present sufficient evidence to demonstrate that he was intoxicated to the extent of being incapable of forming the requisite criminal intent. State v.Wyche (Feb. 21, 1989), Franklin App. No. 87AP-878, unreported;State v. Morgan (Jan. 13, 2000), Franklin App. No. 99AP-307, unreported.
Initially, we note that aggravated burglary is a specific intent crime because it requires entering a dwelling for the purpose of committing a felony. See, e.g., State v. Hall (Dec. 15, 1988), Cuyahoga App. No. 54565, unreported. Therefore, we need only determine whether the trial court's refusal to give the requested jury instruction constituted an abuse of discretion under the facts and circumstances of the case.
At trial, the evidence established that the appellant was under the influence of alcohol immediately preceding and at the time of his arrest. In particular, Deputy Williams testified that, at the time of the appellant's arrest, the appellant appeared to be intoxicated. Specifically, Deputy Williams testified that the appellant smelled of alcohol and had purportedly consumed tequila, beer, and one and one-half bottles of wine earlier in the evening. The appellant also informed Deputy Williams that he had suffered a blackout and that, other than the chase, he did not remember the incident leading up to his arrest. At the police station, the appellant submitted himself to a breathalyzer test which indicated that he had a concentration of .227 of one gram by weight of alcohol per two hundred ten liters of his breath.
Pursuant to the foregoing, there is ample evidence that the appellant was intoxicated on the morning of June 15, 1999. Nonetheless, we find there is insufficient evidence to demonstrate that the appellant was so intoxicated that he was incapable of forming the requisite criminal intent to commit the crime of aggravated burglary. In particular, the evidence introduced at trial affirmatively established that the appellant, by force, entered the garage with the intent of stealing the Rossman's pickup truck. Deputy Williams testified that when he had attempted to block the pickup truck from leaving the driveway, he noticed the appellant wearing a mask, and that the appellant intentionally and purposely maneuvered the vehicle through the Rossman's front yard and onto the street. A subsequent search of the vehicle also revealed two knives.
We find that the foregoing facts affirmatively establish that, despite his intoxication, the appellant possessed the requisite criminal intent to commit the crime of aggravated burglary. Therefore, we cannot say that the trial court's refusal to give the requested jury instruction on the affirmative defense of voluntary intoxication constituted an abuse of discretion under the facts and circumstances of the case.
Accordingly, the appellant's first assignment of error is not well-taken and is overruled.
A SSIGNMENT OF ERROR NO. II
 The trial court committed reversible error by instructing the jury that an attached garage meets the statutory definition of an "occupied structure".
 In his second assignment of error, the appellant asserts that the trial court erred in instructing the jury that the structure in which he was allegedly present was an occupied structure as defined pursuant to R.C. 2909.01. By doing so, the appellant contends that the trial court improperly established as a matter of law one of the essential elements of the crime of aggravated burglary.
R.C. 2911.11, the aggravated burglary statute, provides, in pertinent part, as follows:
 (A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
 (1) The offender inflicts, or attempts or threatens to inflict physical harm on another;
 (2) The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control.
 "Occupied structure" is defined in R.C. 2909.01(C) as follows:
 [a]ny house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, or any portion thereof, to which any of the following applies:
 (1) It is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied and whether or not any person is actually present;
 (2) At the time, it is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present;
 (3) At the time, it is specially adapted for the overnight accommodation of any person, whether or not any person is actually present;
 (4) At the time, any person is present or likely to be present in it.
 In the case herein, the appellant was charged with one count of aggravated burglary pursuant to R.C. 2911.11. Over defense counsel's objection, the trial court, during its general instructions, instructed the jury that "[a]n attached garage is sufficiently part of a residential structure to meet the definition of an occupied structure."
It is well established that the Due Process Clause of theFourteenth Amendment to the United States Constitution denies states the power to deprive the accused of liberty unless the prosecution proves beyond a reasonable doubt every element of the charged offense. In re Winship (1970), 397 U.S. 358, 364. Jury instructions that effectively relieve the state of its burden of persuasion violate a defendant's due process rights. Sandstrom v.Montana (1979), 442 U.S. 510; Rose v. Clark (1986), 478 U.S. 570. Such directions subvert the presumption of innocence accorded to accused persons and also invade the truth-finding task assigned solely to juries in criminal cases. Carella v. California (1989),491 U.S. 263, 264.
Pursuant to the foregoing authority, we find that the trial court improperly instructed the jury on one of the essential elements of the crime charged. By doing so, the trial court effectively relieved the state of its burden of persuasion upon this issue. Therefore, the trial court's instruction violated the appellant's rights to due process guaranteed under the state and federal constitutions.
Nonetheless, a mandatory jury directive resulting in constitutional error may be harmless error. Errors of constitutional dimension do not necessarily require reversal of criminal convictions if the reviewing court can confidently determine from the entire record that the error was harmless beyond a reasonable doubt. Chapman v. California (1967),386 U.S. 18; Delaware v. Van Arsdall (1986), 475 U.S. 673. Therefore, we must determine whether the trial court's instruction to the jury so violated the appellant's constitutional rights to due process as to require reversal, or whether, despite the improper jury charge, the element of "occupied structure" contained within the aggravated burglary statute was actually decided by the jury.
At the close of the evidence, the trial court instructed the jury that in order to convict the appellant of aggravated burglary it must find beyond a reasonable doubt that the appellant, by force, trespassed in an "occupied structure" or in a "separately secured portion of an occupied structure" with the purpose to commit a theft offense pursuant to R.C. 2913.02. The trial court then set forth the definition of an "occupied structure" pursuant to R.C. 2909.01, and further instructed the jury that an occupied structure is one in which "at the time is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present." See R.C. 2909.01(C)(2).
R.C. 2909.01 sets forth four separate and distinct definitions of "occupied structure," one of which defines the structure as one in which "[a]t the time, * * * is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present." See R.C. 2909.01(C)(2). The trial court properly utilized the foregoing definition of an "occupied structure" in its instructions to the jury. By doing so, the trial court properly instructed the jury on all of the essential elements of the crime of aggravated burglary. Furthermore, by virtue of the jury verdict, all of the necessary elements of the crime of aggravated burglary were necessarily found beyond a reasonable doubt. For these reasons, we find that the trial court's impermissible jury instruction was harmless beyond a reasonable doubt. See State v. Adams (1991) 74 Ohio App.3d 140.
Accordingly, the appellant's second assignment of error is not well-taken and is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 ______________________________ HADLEY, PRESIDING JUDGE
 BRYANT and WALTERS, JJ., concur.