OPINION
On October 28, 1997, a warrant was issued by the Ashtabula County Court of Common Pleas for the arrest of appellant, Ronnie Joe Watson, his brother, Robert Watson, and Clay Anthony Marteny for the October 5, 1997 armed robbery of the Dairy Mart store on Route 193 in North Kingsville, during which a Dairy Mart employee, Charlotte Hackathorne, was shot in the arm by appellant. On November 8, 1997, appellant and his brother were arrested and detained in West Virginia. According to appellant, there was supposed to be an extradition hearing on November 12, 1997, which was repeatedly delayed due to conflicts with the West Virginia judge's schedule. The brothers waived extradition on November 20, 1997 and were transported to the Ashtabula County Jail on November 21, 1997.
On December 4, 1997, the Ashtabula Grand Jury indicted appellant for: felonious assault, in violation of R.C.2903.11(A)(2); attempted murder, in violation of R.C. 2923.02(A); kidnapping, in violation of R.C. 2905.01(B)(2); and, aggravated robbery, in violation of R.C. 2911.01(A)(1). The case proceeded to a trial before a jury, which began on February 10, 1998. On February 13, 1998, the jury returned a verdict of guilty on all charges. On June 11, 1998, appellant was sentenced to a period of seven years of incarceration for attempted murder and five years of incarceration for aggravated robbery with the sentences to run consecutively. The remaining offenses were merged.
Appellant appeals his conviction and sentence and assigns the following errors:
 "[1.] The trial court erred by denying the appellant's motion to dismiss when the record reveals that more than ninety days passed between appellant's initial incarceration and the day that the trial began.
 "[2.] The trial court erred by overruling the appellant's hearsay objection and allowing testimony pursuant to the `co-conspirator' exception.
 "[3.] The trial court erred by sentencing the appellant to consecutive sentences without making the requisite findings under R.C. 2929.14(E)(4).
 "[4.] The appellant's convictions for aggravated robbery, kidnapping, felonious assault, and attempted murder were against the manifest weight of the evidence."
In his first assignment of error, appellant asserts that he was denied his right to a speedy trial because he was incarcerated for more than ninety days before he was brought to trial, from November 8, 1997, the date of his initial incarceration in West Virginia, until February 10, 1998. He argues that the time that he was being held in a West Virginia jail should count against the ninety days because he made no attempt to delay his return or his trial and the Ashtabula County authorities did not exercise reasonable diligence to ensure his prompt return to the jurisdiction.
According to R.C. 2945.71(C)(2), a person charged with a second degree felony must be brought to trial within two hundred seventy days of his arrest. Each day the accused is held in jail in lieu of bail is counted as three days. Because appellant was held in jail from the date of his arrest, he was required to be brought to trial within ninety days. However, under R.C.2945.72(A), that period may be extended "by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability."
Appellant argues that the police in West Virginia, the police in North Kingsville, and the prosecution did not exercise due diligence because of the delay of his return to Ohio from November 8 until November 21. He argues that the North Kingsville police were ready to retrieve him at any time after November 12, but that delays in the West Virginia judge's schedule and the failure of the North Kingsville police to insist on swift extradition caused the delay and showed a lack of reasonable diligence. Appellant cites no case law, and we can find none, that would indicate that the thirteen day period between appellant's arrest and his extradition was an unreasonable delay.
R.C. 2945.72(A) mentions the diligence exercised by the prosecution to secure a defendant's return in extradition proceedings, not the diligence of the authorities of a foreign state. The police in Ashtabula County have no control over the docket of a court in West Virginia. They secured appellant's return to Ashtabula County within one day of his waiving extradition, which is commendable, not unreasonable. Furthermore, it is improbable that appellant could have been returned to Ashtabula County before November 12, 1997 no matter the degree of diligence exercised. Appellant was arrested on November 8, 1997, a Saturday, and the following Tuesday was November 11, Veteran's Day, a national holiday. Had he been extradited and his speedy trial time begun to run on November 12, his February 10, 1998 trial would have commenced on the ninetieth day after his return to Ohio, which is within the time period of the speedy trial statute. Therefore, any alleged lack of diligence by the prosecution had no prejudicial effect on appellant's speedy trial rights. Appellant's first assignment of error is without merit.
In his second assignment of error, appellant asserts that the trial court erred by admitting the testimony of Kenneth Holloway with regard to a conversation he had had with Clay Anthony Marteny. Kenneth Holloway was a housemate of Clay Anthony Marteny and his family at the time of the robbery. The three accomplices had taken Mr. Holloway's gun, the one used in the robbery, and returned it without his knowledge. The conversation admitted involved Marteny confessing to Holloway that they had used his gun and that the three had committed the robbery. Appellant argued at trial and now argues that the conversation should not have been admitted because it was hearsay with no exception allowing its admission. The trial court ruled that it was admissible as a co-conspirator statement and that it was probably admissible on some other grounds as well, but did not specify those grounds.
Evid.R. 801(D)(2)(e) provides that a statement by a co-conspirator during the course and in furtherance of the conspiracy, upon independent proof of the conspiracy, is not hearsay. "Statements made by a co-conspirator after the conspiracy has been abandoned do not fall within the scope of Evid.R. 801(D)(2)(e), and may not be deemed admissible pursuant to that rule." State v. Carter (1995), 72 Ohio St.3d 545, 551,651 N.E.2d 965. No evidence was presented to show that the statements made by Marteny to Holloway were made in furtherance of a conspiracy. Marteny was no longer attempting to conceal the crime and had abandoned the conspiracy. No other exception would allow its admission. However, the trial court's error in admitting the statement was harmless as both Marteny and appellant's brother testified as to appellant's involvement in the robbery. Appellant's second assignment of error is without merit.
In his third assignment of error, appellant asserts that the trial court erred by sentencing appellant to consecutive sentences without making the requisite findings under R.C.2929.14(E)(4).
 "R.C. 2929.14(E)(4) requires the court to make a finding that the consecutive sentences are necessary to protect the public from future crime or to punish the offender and that such consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger posed to the public and that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the conduct."
 State v. Albert (1997), 124 Ohio App.3d 225, 230,705 N.E.2d 1274. See, also, 2929(E)(4)(b). In the instant case, the court wrote in its entry that "said sentences are to run consecutively" and noted at the sentencing hearing appellant's extensive criminal history, the seriousness of the crime, and appellant's history of drug and alcohol abuse. However, the trial court did not make the requisite findings necessary to comply with R.C. 2929.14(E)(4). Appellant's third assignment has merit; we remand this matter to the trial court for resentencing of appellant and the inclusion of the requisite findings if the court, in its discretion, again decides to impose consecutive sentences in this matter.
In his fourth assignment of error, appellant asserts that his conviction was against the manifest weight of the evidence. He argues that he had established that he had been drinking heavily for fifteen hours before the crime; therefore, he was unable to have acted knowingly, intentionally, or purposefully as required by each of the four charges against him.
The common law and statutory rule in American jurisprudence is that voluntary intoxication is not a defense to any crime. "Nonetheless, `where specific intent is a necessary element, * * * if the intoxication were such as to preclude the formation of such intent, the fact of intoxication may be shown to negate this element."State v. Mitts (1998), 81 Ohio St.3d 223, 228, 690 N.E.2d 522, quoting State v. Fox (1981), 68 Ohio St.2d 53, 55, 428 N.E.2d 410. "The partial defense of diminished capacity is not recognized in Ohio." State v. Wilcox (1982), 70 Ohio St.2d 182, 436 N.E.2d 523, paragraph one of the syllabus.
The only evidence presented to support that appellant was intoxicated was the testimony of Marteny, who said that: appellant had been drinking all day; appellant was "pretty drunk;" and Marteny would not let appellant drive his car because of his intoxication. Marteny also testified that appellant had spoken earlier in the day, when he was less intoxicated, about committing a robbery. None of the other witnesses even mentioned that appellant was intoxicated. The clerk on duty at Dairy Mart at the time of the robbery, Charlotte Hackathorn, testified that appellant seemed very comfortable and under control. The evidence presented was competent and credible to establish that appellant was able to form the requisite intent to commit the crimes for which he was convicted. Appellant's fourth assignment of error is without merit.
For the foregoing reasons, we affirm appellant's conviction. However, we sustain appellant's third assignment of error, vacate his sentence, and reverse and remand the cause to the Ashtabula Court of Common Pleas for resentencing.
 ________________________________ ROBERT A. NADER, Judge
FORD, P.J., CHRISTLEY, J., concur.