OPINION
On June 13, 2000, the Stark County Grand Jury indicted appellant, Michael Lynn Furlow, on one count of burglary in violation of R.C. 2911.12. Said charge arose from an incident on May 16, 2000 wherein the residence of Marjorie Strait, appellant's girlfriend, was forcefully entered.
A jury trial commenced on July 24, 2000. The jury found appellant guilty as charged. By judgment entry filed July 31, 2000, the trial court sentenced appellant to fourteen months in prison.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I APPELLANT'S COUNSEL FAILURE TO REQUEST THE JURY INSTRUCTION ON INTOXICATION CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.
 II THE APPELLANT'S CONVICTION MUST BE REVERSED AS IT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THERE IS INSUFFICIENT EVIDENCE TO SUSTAIN THE CONVICTION.
 I
Appellant claims he was denied the effective assistance of trial counsel because his counsel did not request a jury instruction on intoxication. We disagree.
The standard this issue must be measured against is set out in Statev. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
The trial court specifically addressed the issue raised by this assignment of error as follows:
 We're ready to move to closing arguments of counsel. It should be noted for the record that the Court provided written instructions to counsel to review and has met with counsel with regard to those instructions, and specifically discussed with both counsel whether or not the Defendant intended to raise the Defense of intoxication as it relates to the element of knowledge. And that the Court was advised that the Defendant did not want that instruction given to the jury and, therefore, the Court is not instructing the jury on the issue of intoxication.
T. at 120-121.
After this statement, appellant, having decided not to testify, testified. Appellant testified Ms. Strait's house was unlocked, he had free access to the house and he was "discombobulated." T. at 130, 132, 134, 137. Appellant specifically denied cutting a screen and claimed he entered the house by the front door. T. at 134. Appellant admitted to drinking and "was probably legally intoxicated" but claimed he was "still in my sound mind." T. at 136. Appellant claimed to "know everything that was going on around me." T. at 137.
In State v. Fox (1981), 68 Ohio St.2d 53, 54-55, the Supreme Court of Ohio discussed the intoxication defense as follows:
 The common law and statutory rule in American jurisprudence is that voluntary intoxication is not a defense to any crime. Long v. State (1923), 109 Ohio St. 77, 86, 141 N.E. 691. An exception to the general rule has developed, where specific intent is a necessary element, that if the intoxication was such as to preclude the formation of such intent, the fact of intoxication may be shown to negative this element. See 8 A.L.R.3d 1236, Modern Status of the Rules as to Voluntary Intoxication as Defense to Criminal Charge. In such a case, intoxication, although voluntary, may be considered in determining whether an act was done intentionally or with deliberation or premeditation. State v. French
(1961), 171 Ohio St. 501, 502, 172 N.E.2d 613, certiorari denied 366 U.S. 973, 81 S.Ct. 1941, 6 L.Ed.2d 1263.
With appellant's affirmative statements that he was of sound mind and knew what he was doing, it would have been improper to instruct the jury on intoxication.
Upon review, we find no ineffective assistance of counsel.
Assignment of Error I is denied.
 II
Appellant claims his conviction was against the manifest weight and sufficiency of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
Appellant was convicted of burglary in violation of R.C. 2911.12 which states in pertinent part the following:
 No person, by force, stealth, or deception, shall do any of the following:
 Trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present.
Appellant challenges his conviction based upon the fact that he had a relationship with Ms. Strait and therefore had been given free access to her house on many occasions. Therefore, appellant argues he should not have been convicted of burglary.
Although appellant testified consistently with his argument (T. at 132-137), there was evidence contrary to his testimony. Ms. Strait testified she and appellant had a confrontation at her house earlier in the day. T. at 72-75. The police were called. They advised the parties to stay away from each other and escorted appellant to his own house. T. at 74-75. Appellant agreed to stay away. Id. Ms. Strait locked all the doors and stayed at a neighbor's house. T. at 76. Later that evening, Ms. Strait observed appellant in her house and called the police. T. at 77. A window screen from the front room/porch was torn out and the house was trashed. T. at 78-81. A knife blade was found on the porch. T. at 79.
Canton Police Officer Mark Diels testified that on the initial call earlier in the evening, Ms. Strait stated she did not want appellant around the area. T. at 98. Officer Diels testified they told appellant to "stay away from that area and not to come back, just to go back into his house and basically sleep it off." Id. When the police were called back to Ms. Strait's house, they found appellant inside the house. T. at 101, 113. The house was locked when the police arrived but the screen was cut out. T. at 102-103, 108.
The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990),49 Ohio St.3d 182. Upon review, we find substantial credible evidence, if believed, to support the conviction, and no manifest miscarriage of justice.
Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
 __________ Farmer, J.
Farmer, J. Edwards, P.J. and Hoffman, J. concur.