**The STATE of Ohio, Appellee,**

v.

**DAVIS, Appellant.**

[Cite as *State v. Davis* (2001), 145 Ohio App.3d 296.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2000–07–153.

Decided Aug. 6, 2001.

*Robin N. Piper,* Butler County Prosecuting Attorney, and *Daniel G. Eichel,* Assistant Prosecuting Attorney, for appellee.

*Fred Miller,* for appellant.

WILLIAM W. YOUNG, Presiding Judge.

Defendant-appellant, Mark A. Davis, appeals his conviction for assault on a peace officer and resisting arrest in the Butler County Court of Common Pleas. We affirm appellant's conviction.

On April 29, 1999, Middletown Police Officer Bobby Reese was working an off-duty detail at the Middletown Public Library. Officer Reese observed appellant enter the library with a two-liter bottle and walk directly into the restroom. Appellant exited the restroom without the beverage and walked toward the computer terminals. Approximately ten minutes later, Officer Reese began

advising patrons that the library was closing. As Officer Reese passed by appellant and informed him that the library was closing, appellant nodded his head affirmatively. Officer Reese noticed at that time that appellant was staring at a blank computer screen. When Officer Reese walked by a few minutes later, he observed appellant passed out at the computer terminal. He called for police assistance and laid appellant down on the floor. When appellant came to, he was arrested and handcuffed.

Police Officer Sandy Efker transported appellant to the Middletown City Jail. She and another officer lifted appellant to his feet, and he walked to the police cruiser. At the jail, appellant did not cause any problems during the booking process. He was booked, routinely searched, surrendered his personal property, and provided police with the necessary biographical information without any incident. Officer Efker and a corrections officer then walked appellant back to be placed into a cell. As appellant stepped inside the cell, he said, "No fucking way," and shoved Officer Efker. During a struggle with appellant, Officer Efker's right leg went beneath her and was injured. She was off duty until October 30, 1999, when she returned in a light-duty position. She was unable to resume full patrol activity until December.

A Butler County grand jury indicted appellant on one count of assault of a peace officer in violation of R.C. 2903.13(B), and one count of resisting arrest in violation of R.C. 2921.33(A). Appellant was found guilty of both counts after a bench trial. Appellant appeals his convictions for resisting arrest and assault on a peace officer and raises the following single assignment of error:

"The trial court erred to the prejudice of defendant–appellant when it convicted him of assault on a police officer and resisting arrest."

On appeal, appellant argues that he cannot be convicted of resisting arrest and assault on a peace officer because his intoxication negated the intent element of the crime. The general rule in Ohio is that voluntary intoxication is not a defense to any crime. *State v. Fox* (1981), 68 Ohio St.2d 53, 54–55, 22 O.O.3d 259, 259–260, 428 N.E.2d 410, 411–412. However, an exception exists when specific intent is an essential element of the crime. *State v. Wolons* (1989), 44 Ohio St.3d 64, 68, 541 N.E.2d 443, 446–447.

Appellant was convicted of resisting arrest pursuant to R.C. 2921.33(B), which states that "[n]o person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another person and, during the course of or as a result of the resistance or interference, cause physical harm to a law enforcement officer." Appellant was also convicted of assault on a peace officer pursuant to R.C. 2903.13(B), which states that "[n]o person shall recklessly cause serious

physical harm to another * * *."[1] Both of the offenses require the offender to act "recklessly." Although we have previously noted that appellate courts have come to differing conclusions on whether the mental state of "knowingly" involves specific intent, *State v. Fugate* (June 1, 1998), Butler App. No. CA97–02–031, unreported, 1998 WL 281336, at fn. 1, "recklessness" involves an even lower mental state than "knowingly." Recklessness requires only that the offender act "with heedless indifference to the consequences [and] perversely disregar[d] a known risk that his conduct is likely to cause a certain result or likely to be of a certain nature." R.C. 2901.22(C). Accordingly, we find that the mental state of recklessness does not involve a specific intent. See *State v. Harbert* (July 1, 1999), Cuyahoga App. No. 74320, unreported, 1999 WL 462359. Thus, voluntary intoxication is not available as a defense to a crime requiring a mental state of recklessness. Appellant's assignment of error is overruled.

*Judgment affirmed.*

VALEN and WALSH, JJ., concur.

---

1. R.C. 2903.13(C)(3) elevates the degree of offense if the victim is a peace officer while in the performance of his or her official duties.