JOURNAL ENTRY AND OPINION
{¶ 1} Robert Fuote appeals his conviction on one count of attempted assault on a police officer. He claims that his conviction is against the manifest weight of the evidence. We affirm.
 {¶ 2} The record reveals that in the early morning hours of August 14, 2005, Cleveland Police Officers Timothy Kasler and Joseph Butcher were assigned to clear out portions of Mayfield Road, following the Feast of the Assumption in Little Italy. The officers were driving down Mayfield Road when they encountered Robert Fuote and his son being escorted out of a bar by the bar's bouncers and two other Cleveland police officers. The officers exited their car to offer assistance with the arrest of Fuote's son, when Fuote began verbally assaulting them. Fuote was then also placed under arrest for disorderly conduct.
 {¶ 3} Fuote and his son were then taken to the police station for booking. The men were separated and Fuote was asked to empty his pockets. He refused. Officer Kasler then attempted to reach into Fuote's left front pocket to remove the contents when Fuote grabbed the officer's arm and attempted to twist it in a wrestling-style movement. To prevent any further attack, Sergeant Vincent Mamone struck Fuote with an open hand. Fuote fell to the ground and remained unconscious for several minutes. Fuote was then taken to a holding cell, where he apologized for his actions toward Officer Kasler.
 {¶ 4} Based on this incident, Fuote was indicted on one count of assault of a police officer in violation of R.C. 2903.13(C)(3), a fourth degree felony. The case proceeded to a bench trial, and Fuote was found guilty on the lesser included offense of attempted assault on a police officer, a fifth degree felony. He was sentenced to three years of community control sanctions.
 {¶ 5} Fuote appeals from this conviction in a single assignment of error which states:
 "The judgment of conviction on the lesser included offense of attempted assault on a police officer as to Count One is against the manifest weight of the evidence, in violation of Appellant's right to due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution."
 {¶ 6} Fuote asserts that the testimony of the State's witnesses at trial was so contradictory that it was error to convict him of a lesser included offense. He also asserts error in the court's failure to recognize that his intoxication was a defense to the charge at hand.
 {¶ 7} In evaluating a challenge to the verdict based on manifest weight of the evidence, a court sits as the thirteenth juror, and intrudes its judgment into proceedings which it finds to be fatally flawed through misrepresentation or misapplication of the evidence by a jury which has "lost its way." State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52. As the Ohio Supreme Court declared:
 "Weight of the evidence concerns 'theinclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' Id. at 387, quoting Black's Law Dictionary (6 Ed. 1990) 1594. * * * The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Thompkins, 78 Ohio St.3d at 387. (Internal citations omitted.)
 {¶ 8} However, this court should be mindful that the weight of the evidence and the credibility of witnesses are matters primarily for the trier of fact, and a reviewing court must not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the State has proven the offense beyond a reasonable doubt.State v. DeHass (1967), 10 Ohio St.2d 230, at paragraphs one and two of the syllabus. The goal of the reviewing court is to determine whether the new trial is mandated. A reviewing court should only grant a new trial in the"exceptional case in which the evidence weighs heavily against a conviction" State v. Lindsey, 87 Ohio St.3d 479, 483,2000-Ohio-465.
 {¶ 9} R.C. 2903.13 states in pertinent part, "[n]o person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." and "[n]o person shall recklessly cause serious physical harm to another or to another's unborn." When the victim of the assault is a police officer, assault is a fourth degree felony. See R.C.2903.13(C)(3).
 {¶ 10} Further, R.C. 2923.02, entitled "Attempt," states in pertinent part, "[n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct, that, if successful, would constitute or result in the offense."
 {¶ 11} The record reflects that Officers Butcher and Kasler testified that Fuote grabbed Kasler's arm and placed it in a "death grip" and attempted to twist it. This account was also echoed by Sergeant Mamone. Tr. 31, 83-84, 111. Sergeant Mamone further testified that Fuote was:
 "A: Extremely loud, extremely belligerent, threatening Officer Kasler, the other police officers. When he saw me he threatened me.
 Q: How did he threaten you?
 A: Kick my ass, take the cuffs off, referred to me being an old guy, various stuff. Like I tried to talk to him and his son, slowing it down a little bit, this is disorderly conduct." Tr. 109-110.
 {¶ 12} While Fuote contends that he did not do any serious physical harm to Officer Kasler, the statute does not require such harm. R.C.2903.13 requires only that a defendant cause or attempt to cause physical harm. The fact that several witnesses testified that Fuote grabbed and twisted the officer's arm certainly attests to this attempted harm.
 {¶ 13} Fuote's additional assertion that his intoxication provided a defense also lacks merit. As the Ohio Supreme Court has held, "[t]he general rule in Ohio is that voluntary intoxication is not a defense to any crime." State v. Fox (1981), 68 Ohio St.2d 53. While State v.Wolons (1989), 44 Ohio St.3d 64, recognizes that an exception exists when specific intent is an essential element of the crime, the instant case does not support such an exception. To serve as a defense, the intoxication must be at such a level that it precludes the formation of specific intent. See State v. Mundy (1994), 99 Ohio App.3d 275.
 {¶ 14} It is not disputed that the trial court heard testimony that Fuote was intoxicated. Tr. 23, 61, 77. However, despite his intoxication, other testimony indicates that Fuote acknowledged his inappropriate actions and apologized for them. Officer Butcher testified that Fuote told him, "you know, officer, I know I did wrong and I'm sorry." Tr. 32-33. Fuote continually threatened the officers he came into contact with on the night of the incident, yet acknowledged that he was wrong. These actions do not indicate that his intoxication rose to such a level as to serve as a defense.
 {¶ 15} Since Fuote has failed to show that his intoxication acted to preclude the formation of intent, this argument must fail.
 {¶ 16} Fuote's sole assignment of error lacks merit. The judgment of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., CONCURS ANTHONY O. CALABRESE, JR., J. CONCURS