The STATE of Ohio, Appellee,

v.

SHAY, Appellant.

[Cite as *State v. Shay,* 151 Ohio App.3d 538, 2003-Ohio-555.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 80942.

Decided Feb. 6, 2003.

William D. Mason, Cuyahoga County Prosecuting Attorney, Myriam A. Miranda and Perry M. Kendall Jr., Assistant Prosecuting Attorneys, for appellee.

Jodi M. Wallace, for appellant.

TIMOTHY E. MCMONAGLE, Judge.

{¶ 1} Defendant-appellant, Robert Shay, appeals from the judgment of the Cuyahoga County Common Pleas Court that convicted him of felonious assault and illegal possession of a firearm following a jury trial for these offenses. For the reasons that follow, we affirm.

{¶ 2} The record reveals that a two-count indictment was returned against appellant charging him with one count of felonious assault, in violation of R.C. 2903.11, and one count of illegal possession of a firearm in liquor permit premises, in violation of R.C. 2923.121. Both counts contained one- and three-year firearm specifications. The events giving rise to this indictment occurred on December 14, 2000, at the Corner Café in Cleveland, Ohio, where appellant was a patron. The record reveals that an altercation ensued between appellant and a bartender, Betty Heitman, when the latter refused to serve appellant anything more to drink. According to Heitman's testimony, appellant appeared drunk, was falling asleep at the bar, and even vomited on her hand. She told him repeatedly to leave and go home but he refused. Deanna Thomas, another patron at the Corner Café who was observing these events, approached appellant and told him to leave because he was causing trouble. Thomas testified that appellant then came after her, threw her to the ground, and began hitting her.

{¶ 3} At some point, Thomas broke away. Heitman testified that she saw appellant pull out a gun and aim it in the direction of Thomas, who testified that she heard what she thought was a cap gun being fired. Thomas turned and saw a gun in appellant's hand but did not see him fire at her, nor did she sustain physical injury as a result of appellant's firing the gun. Appellant eventually grabbed Heitman and began pushing her but fled shortly thereafter. The gun, however, was recovered near the back entrance of the bar, as was a shell casing from one of the tables. Approximately one week later, Thomas discovered a tear in her coat and, upon further inspection, found a bullet lodged in its lining.

{¶ 4}  Appellant testified in his own defense.  His version of events differs from that of Heitman and Thomas.  Succinctly, appellant testified he was working as a delivery person for Cleveland Juice that day and had stopped at the Corner Café sometime around 3:00 in the afternoon after completing his deliveries.  He testified that Heitman had served him a couple of drinks and when he asked for another "on credit," she refused.  He did admit that he may have had too much to drink.  At this point, he went to the restroom, which is located on a lower level.  As appellant was walking up the stairs, he claims that he found a gun and picked it up.  Upon reentering the bar area, he testified at one point that he waved the gun, stating, "Look what I found," while at another point he testified that he brought no attention to his discovery.  In either version, however, appellant testified that he simply laid the gun on a nearby bar stool or table and had no further contact with it.  He denied aiming the gun at Thomas and similarly denied shooting the gun.  Appellant did admit to shoving Thomas as he was attempting to leave the bar area but that he did not punch or otherwise hit her.  According to his testimony, he left soon after these events and drove his truck back to his employer in Twinsburg.

{¶ 5}  The jury eventually found appellant guilty of both offenses and all specifications.  He was sentenced accordingly.  Appellant is now before this court and assigns three errors for our review.

## I

{¶ 6}  In his first assignment of error, appellant complains that there was insufficient evidence to support his convictions and that it was error, therefore, for the trial court to deny his motions for acquittal.

{¶ 7}  Crim.R. 29(A) governs motions for acquittal and provides for a judgment of acquittal "if the evidence is insufficient to sustain a conviction * * *."  An appellate court's function in reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  A verdict will not be disturbed on appeal unless reasonable minds could not reach the conclusion reached by the trier of fact.  *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492.  In essence, sufficiency is a test of adequacy.  *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541.  The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine.  *State v. DeHass* (1967), 10 Ohio St.2d 230, 231, 39 O.O.2d 366, 227 N.E.2d 212.

### Felonious Assault

{¶ 8}  R.C. 2903.11(A)(2) provides that "[n]o person shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a

deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code." There is no dispute that the firearm at issue in this case satisfies the definition of deadly weapon set forth in R.C. 2923.11(B). Appellant argues, however, that because he was intoxicated, he was incapable of acting "knowingly," which is necessary to support a conviction for felonious assault.

{¶ 9} Voluntary intoxication is not a defense to any crime. *State v. Mitts* (1998), 81 Ohio St.3d 223, 229, 690 N.E.2d 522; *State v. Fox* (1981), 68 Ohio St.2d 53, 54–55, 22 O.O.3d 259, 428 N.E.2d 410. Nonetheless, "where specific intent is a necessary element, * * * if the intoxication was such as to preclude the formation of such intent, the fact of intoxication may be shown to negative this element." Id. at 55, 22 O.O.3d 259, 428 N.E.2d 410; see, also, R.C. 2901.21(C). Even severe intoxication, however, can coexist with purpose. *State v. Mitts,* 81 Ohio St.3d at 229, 690 N.E.2d 522; *State v. Hicks* (1989), 43 Ohio St.3d 72, 74, 538 N.E.2d 1030.

{¶ 10} "The issue of intoxication is not raised as a defense to the element of purpose * * * merely because the evidence suggests reduced inhibitions, impaired judgment or blurred appreciation by the defendant of the consequences of his conduct." Id. at the syllabus.

{¶ 11} In this case, Heitman, Thomas, and appellant all testified that appellant appeared to be intoxicated. The issue becomes, however, whether appellant was so intoxicated that he was incapable of acting knowingly or with purpose. We think not. While appellant denies firing the gun at Thomas, or anyone for that matter, he did admit that he found a gun as he was walking up a set of stairs, picked it up, and laid it on a bar stool or table. By his own testimony, he was able to discover a weapon and not only acknowledge its presence to others in the bar but allegedly dispose of it as well. Moreover, appellant testified that he was capable of driving his delivery truck from the Corner Café in Cleveland to his employer's office in Twinsburg approximately 30 miles away. This testimony certainly supports a finding that while appellant may have been impaired to some extent, and maybe even severely so, he was capable of acting with purpose. Consequently, there was sufficient evidence for a jury to find that appellant acted knowingly.

{¶ 12} Appellant next argues that there was insufficient evidence to support the conclusion that he caused any physical harm to Thomas. In particular, he claims that Thomas did not require medical treatment for any of the injuries she sustained.

{¶ 13} By its very terms, the elements of felonious assault include causing or attempting to cause physical harm to another. "Physical harm" in this sense is defined as "any injury, illness, or other physiological impairment,

regardless of its gravity or duration." R.C. 2901.01(A)(3). In this case, there was testimony that appellant hit Thomas, threw her to the ground, and fired a gun in her direction. That the firing of the gun caused no physical injury to Thomas is immaterial if the gun otherwise satisfies the definition of firearm, about which there is no dispute, and there was testimony that appellant had aimed the gun in the direction of Thomas in an *attempt* to cause physical harm. See *State v. Brooks* (1989), 44 Ohio St.3d 185, 189–192, 542 N.E.2d 636.

### Illegal Possession of a Firearm in Liquor Permit Premises

{¶ 14}  R.C. 2923.121(A) provides that "[n]o person shall possess a firearm in any room in which liquor is being dispensed in premises for which a D permit has been issued under Chapter 4303. of the Revised Code."

{¶ 15}  Appellant claims that this statute is unconstitutional. In particular, appellant argues that the statute is overbroad in that any person who held a gun in a liquor establishment similar to the Corner Café would be guilty of violating this statute. Appellant's argument must fail for two reasons.

{¶ 16}  First, appellant suggests that where a criminal statute does not specify any degree of culpability and expressly indicates its purpose to impose strict liability, no culpable mental state is required. See R.C. 2921.01(B). However, when the statute neither specifies nor expressly indicates a purpose to impose strict liability, "recklessness is sufficient culpability in committing the offense." Id.; see, also, *State v. Gummere* (Nov. 18, 1996), 5th App. Dist. No. 96 CA 45, 1996 WL 752538. Consequently, and contrary to appellant's assertions, a criminal defendant charged with this offense must have acted recklessly in possessing a firearm in an establishment for a which a D permit has been issued. Appellant does not claim that there was insufficient evidence to support the conclusion that he acted recklessly in possessing the gun at the Corner Café. He continues to maintain that, without a showing that he brought the gun into the Corner Café or that the gun was his, the statute is overbroad in that it criminalizes otherwise innocent behavior, which brings us to the second reason appellant's argument is unavailing.

{¶ 17}  A statute or ordinance may be overbroad "if in its reach it prohibits constitutionally protected conduct." *Grayned v. Rockford* (1972), 408 U.S. 104, 114, 92 S.Ct. 2294, 33 L.Ed.2d 222; *Cleveland v. Trzebuckowski* (1999), 85 Ohio St.3d 524, 528, 709 N.E.2d 1148. Overbreadth claims, however, relate only to First Amendment issues, which are not present in this case. *New York v. Ferber* (1982), 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113; see, also, *State v.*

*Brooks* (1995), 75 Ohio St.3d 148, 155, 661 N.E.2d 1030. Appellant's constitutional argument must, therefore, necessarily fail.

{¶ 18} Appellant's first assignment of error is not well taken and is overruled.

## II

{¶ 19} In his second assignment of error, appellant contends that his convictions are against the manifest weight of the evidence. As in his sufficiency argument, appellant contends that the state failed to prove that he had the necessary culpable mental state to support a conviction for felonious assault.[1]

{¶ 20} A manifest-weight-of-the-evidence argument involves determining whether there exists a greater amount of credible evidence to support one side of the issue over the other. *State v. Thompkins,* 78 Ohio St.3d at 387, 678 N.E.2d 541. It is not a question of mathematics but depends on its effect in inducing belief. Id. A reviewing court weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the factfinder clearly lost his way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 485 N.E.2d 717.

{¶ 21} We see no manifest miscarriage of justice. The testimony of Heitman and Thomas, although conflicting with that of appellant, was essentially consistent as to what transpired on the date of the offense. Despite some conflicting evidence with regard to Heitman's testimony as to the time of the offense, there is nothing to suggest that the jury was unable to resolve this conflict and ultimately find a greater amount of credible evidence to support its verdict. Finding the state's witnesses credible and appellant less so, the jury could reasonably infer that it was more likely than not that appellant had feloniously assaulted Thomas.

{¶ 22} Appellant's second assignment of error is not well taken and is overruled.

## III

{¶ 23} In his third assignment of error, appellant contends that the trial court erred when it failed to instruct on intoxication as a defense to

---

1. Other than a cursory statement to the contrary, appellant essentially makes no argument that his conviction for illegal possession of a firearm in liquor permit premises is against the manifest weight of the evidence. To the extent that this assignment of error challenges that conviction as being against the manifest weight of the evidence, we disregard it. See App.R. 12(A)(2).

possessing the necessary culpable mental state to support his conviction for felonious assault.

{¶ 24} It is within the trial court's discretion "to determine whether the evidence presented at trial is sufficient to require a jury instruction on intoxication where the accused claims that his inebriated condition negated the mental state required as an element of the crime charged." *State v. Wolons* (1989), 44 Ohio St.3d 64, 541 N.E.2d 443, paragraph two of the syllabus; *State v. Nields* (2001), 93 Ohio St.3d 6, 22–23, 752 N.E.2d 859. Evidence of intoxication is sufficient to raise the intoxication defense only where, if believed, it would support acquittal. *State v. Hicks*, 43 Ohio St.3d at 75, 538 N.E.2d 1030. Since we have previously concluded that this evidence would not have supported an acquittal, the trial did not abuse its discretion in refusing to instruct on voluntary intoxication.

{¶ 25} Appellant's third assignment of error is not well taken and is overruled.

Judgment affirmed.

ANNE L. KILBANE, P.J., and FRANK D. CELEBREZZE JR., J., concur.